Filed 9/16/25  P. v. McGraw CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

<table>
<tr><td>

THE PEOPLE,

   Plaintiff and Respondent,

v.

CALVIN MCGRAW,

   Defendant and Appellant.

</td><td>

2d Crim. No. B341305
(Super. Ct. No. MA049580)
(Los Angeles County)

</td></tr>
</table>

Calvin McGraw appeals from the judgment following his resentencing.  He contends the trial court imposed the upper term in violation of Penal Code[1] section 1170, subdivision (b) (§ 1170(b)) and *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*).  Appellant further argues his "right to equal protection of the law requires [section 1172.75, subdivision (d)(4) (§ 1172.75(d)(4))], to be interpreted to not dispense with the proof requirement in section [1170(b)], in a resentencing hearing."  We will affirm.

---

[1] Undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, a jury convicted appellant of corporal injury to a cohabitant (§ 273.5, subd. (a); count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). Appellant received an aggregate prison term of 22 years: a base term of four years (an upper term), doubled to eight, on count 1; three one-year prior prison term enhancements (§ 667.5, subd. (b)); a one-year deadly weapon enhancement (§ 12022, subd. (b)(1)); a five-year great bodily injury enhancement (§ 12022.7, subd. (e)); and a five-year serious felony enhancement (§ 667, subd. (a)(1)). The court stayed the sentence on count 2 pursuant to section 654.

At a resentencing in 2023, the court struck appellant's three prison prior enhancements and stayed the deadly weapon enhancement, which resulted in a new aggregate term of 18 years. Although the court cited section 1172.7 as the basis for striking the prison priors, section 1172.75 is the correct statute. On appeal from that resentencing, we reversed the judgment as to the imposition and stay of the deadly weapon enhancement. We remanded for resentencing with directions to either impose or strike the enhancement and otherwise affirmed. (*People v. McGraw* (Feb. 21, 2024, B330584) [nonpub. opn.].)

On remand, the court struck the deadly weapon enhancement but did not otherwise alter the sentence.

## DISCUSSION

Appellant contends imposition of the upper term in his case violated section 1170(b) and *Apprendi*, *supra*, 530 U.S. 466. Given section 1172.75(d)(4)'s exception, we disagree. We further conclude that exception does not violate appellant's equal protection rights.

This appeal raises questions of law we review de novo.  (Cf. *People v. Allen* (2023) 96 Cal.App.5th 573, 578.)

The *Apprendi* Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  (*Apprendi*, *supra*, 530 U.S. at p. 490; *Erlinger v. United States* (2024) 602 U.S. 821, 834-835 [219 L.Ed.2d 451] [*Apprendi* rule rooted in the Fifth and Sixth Amendments].)  In compliance with this precept, section 1170(b)(2) provides that courts may exceed the middle term "only when there are circumstances in aggravation of the crime that justify [it] and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170(b)(2); see also § 1170(b)(3).)

With exceptions not relevant here, section 1172.75 retroactively invalidates the prison prior enhancement (§ 667.5, subd. (b)) and provides for the recall and resentencing of defendants whose judgment includes that enhancement.  (§ 1172.75, subds. (a) & (c).)  At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (*Id.*, subd. (d)(2).)

Section 1172.75(d)(4) provides that "*[u]nless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true

3

beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75(d)(4), italics added.)

The Court of Appeal has divided on this provision's meaning. (Compare *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*) and *People v. Mathis* (2025) 111 Cal.App.5th 359, review granted Aug. 13, 2025, S291628 (*Mathis*), with *People v. Gonzalez* (2024) 107 Cal.App.5th 312.) We conclude it creates an exception to section 1170(b)(2)'s factfinding requirement for exceeding the middle term.

When interpreting a statute, "'"our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose."'" (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) If the statute's words "'"are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs."'" (*People v. Cody* (2023) 92 Cal.App.5th 87, 101.)

Here, the statute's language is unambiguous. The first clause of section 1172.75(d)(4) begins with "unless"—a conjunction that signals an exception—and that clause appears at the beginning of the provision set off by a comma, indicating that it modifies the text that follows. Section 1172.75(d)(4) plainly creates an exception to the factfinding requirement for exceeding the middle term. We see no other logical reading of the statute. (Cf. *Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466-467.)

Application of section 1172.75(d)(4) in appellant's case comports with *Apprendi* and its progeny. Section 1172.75(d)(4) allowed the court to impose the upper term in this case due to that term's prior imposition. No additional factfinding was necessary. (See *People v. Lynch* (2024) 16 Cal.5th 730, 759 ["It is

4

the requirement of additional factfinding that brings the Sixth Amendment into play."].) Moreover, the original upper-term imposition itself complied with *Apprendi* because it occurred under a sentencing scheme that granted judges broad discretion to select the upper term without requiring judicial factfinding. (*Mathis*, *supra*, 111 Cal.App.5th at p. 373, review granted.) Under these circumstances, no *Apprendi* violation exists.

As in *Mathis*, we do not consider section 1172.75(d)(4)'s application to a defendant who was originally sentenced under a version of section 1170(b) later ruled unconstitutional. (*Mathis*, *supra*, 111 Cal.App.5th at p. 373, fn. 7, review granted; *Cunningham v. California* (2007) 549 U.S. 270, 274 [166 L.Ed.2d 856].)

Nor does section 1172.75(d)(4) violate appellant's equal protection rights. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a).) Appellant's equal protection argument is based on comparison to those resentenced for other reasons, including under section 1170.18, section 1172.1, and those with illegal sentences. Even assuming section 1170(b)(2) applies in all of appellant's identified scenarios, his argument fails.

When a party "challenge[s] laws drawing distinctions between identifiable groups or classes of persons" and argues "that the distinctions drawn are inconsistent with equal protection," we inquire "whether the challenged difference in treatment is adequately justified under the applicable standard of review. The burden is on the party challenging the law to show that it is not." (*People v. Hardin* (2024) 15 Cal.5th 834, 850-851 (*Hardin*).)

Appellant acknowledges rational basis review applies here. "Under this deferential standard, we presume that a given

5

statutory classification is valid 'until the challenger shows that no rational basis for the unequal treatment is reasonably conceivable.' [Citation.] The underlying rationale for a statutory classification need not have been 'ever actually articulated' by lawmakers, nor 'be empirically substantiated.' . . . 'If a plausible basis exists for the disparity, courts may not second-guess its "'wisdom, fairness, or logic.'"'" (*Hardin*, *supra*, 15 Cal.5th at p. 852.)

Appellant has not met his burden. Reliance on a court's prior imposition of the upper term advances the legitimate interest of conserving government resources. (See *People v. Chatman* (2018) 4 Cal.5th 277, 290 ["Preserving the government's financial integrity and resources is a legitimate state interest."].) Without the section 1172.75(d)(4) exception, a jury trial on aggravating circumstances could be required even when a court previously concluded the upper term "best serves the interests of justice." (Former § 1170(b), enacted by Stats. 2011, ch. 361, § 6.) Section 1172.75 reaches many defendants who, like appellant, were tried years ago. A new jury trial in such cases would often be logistically difficult and unduly time-consuming. The Legislature did not act arbitrarily in avoiding these costly outcomes, even if they may be incurred in other resentencing contexts.

Legislation is often the ""'product of multiple and somewhat inconsistent purposes that led to certain compromises.'"" (*Hardin*, *supra*, 15 Cal.5th at p. 854.) While section 1172.75 generally requires application of ameliorative changes in sentencing law, the exception for previously imposed upper terms rationally preserves resources in numerous affected cases.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CODY, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Robert G. Chu, Judge
Daviann L. Mitchell, Judge
Superior Court County of Los Angeles

_____

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Julie A. Harris, Deputy Attorney General, for Plaintiff and Respondent.